Chief Justice Robertson,
delivered the opinion of the court.
John Mershon enjoined a judgment obtained against him by the bank of the commonwealth on a note purporting to have been executed by James Mershon as principal, and Silas Hammond and himself,'as sureties.
He alleged in his bill, that he never signed, nor authorized any other person to sign his name to the said note; that he made no defence to the action, because the process had not been served on James Mershon ten days before the return day, and he supposed, as a matter of course, that the case could not be tried, as it was, at the appearance term in his absence, and without his knowledge. He therefore, prayed for a new trial, and for general relief.
The answer of the bank required proof of all the material allegations in the bill.
It appears from the depositions, that James Mer-shon, without any authority, and without the agency or knowledge of the bank, subscribed the name of John Meshon to the note; that process was actually served on James Mershon, less than ten days before the return day, but that the suit was, in fact, brought against John Mershon alone; and that John Mershon was in court, and informed that a judgment had been rendered against him, before (he adjournment of the term at which it was rendered.
The circuit court dissolved the injunction with damages, and dismissed the bill with costs; to reverse which decree, this writ of error is prosecuted.
There can be no doubt, that the plaintiff in error failed to show any sufficient cause for a new trial; his application should have been made to the common. *439 law judge; and no satisfactory reason for not having so made it, appears in the record.
Chancery has jurisdiction to decree the cancelment or surrender of bonds, deeds, or other documents which have been fraudulently procured, or are unjustly detained.
Chancellor has jurisdiction to decree the cancelment or surrender of bonds which have been fully discharged .
Although the surrender of a bond or note, which was paid on the day it became due, may be decreed before judgment is obtained on it, yet after a judgment is obtained on it, the chancellor cannot relieve against the judgment, merely on tbe ground oí pay ment on the flay.
*439 And it may be doubted, whether the bill was framed for any other purpose, than to obtain a new trial; but if it were, such a case has not been made out, as would authorize a perpetuation of the injunction.
The counsel for the plaintiff, insists, that in such a case as this, the chancellor has original and concurrent jurisdiction, and that, therefore, as no defence was made at law, the circuit court might, with propriety, have perpetuated the injunction.
That chancery has original and inherent power to decree the cancelment, or surrender of a bond, deed, or other document, which has been fraudulently procured, or is unjustly detained, cannot be doubted. Bills in such cases, are entertained qu\a timet, and to prevent vexation and possible injustice; The principle which sustains such a jurisdiction, is plain and-comprehensive.
It may apply to 'forged papers, and would certainly apply to bonds which had been fully discharged. But it cannot be admitted, that after judgment by default, the chancellor will have power to administer relief in every case, in which he might, originaHy, have decreed the surrender or cancelment of the writing on which the judgment was founded. There is a material difference between decreeing the surrender of a note, and decreeing the surrender of a judgment on the note.
For example, the surrender of a note or bond, paid on the day it became due, may' be decreed before judgment shall have been obtained on it. But after such judgment, by default or otherwise, the chancellor could not relieve, merely on the ground of payment on the day. The defence was full and complete at law. It was exclusively legal.
The ground on which a bill quia timet might have been sustained in such a case, before judgment, is not barely the payment, but the danger, that though paid off, the obligation may be held up by the obligee for a fraudulent or unjust use, when it may not be practicable or convenient to prove the payment; and when ¿he obligor ought not to be harrassed with a suit.
The non-exe-culion oí a bond or payment on the day it became due, are not, per se, fit subjects of investigation in chancery.
It is only Where fraud ihas been practiced in the execution of an obligation that the chancellor has jurisdiction (on the ground of fraud) to enjoin a judgment on it.
When a party has an opportunity to make complete defence at law, he must do so, or ■be remé'clilesü',' unlegs the _ • :t ground of ‘de-fence be (such ás fr^ud,).pe)-ke'i'éqüi&tbl#-" matter. Mem ¡estfaebem, is Wit of ■ itself • ■ and ;alone e-suitable mat-
*440 But when sited, if he can prove the payment, it is his duty to do so; and if he negligently fail, a court of equity cannot give him any aid.
It is not the fact, that a bond is not obligatory, but it is the peculiar reason why it is not, that gives the chancellor power to enjoin a judgment upon it; such as fraud or mistake in its execution, or payment after it became due; because these are fit subjects for equity jurisdiction. But simple non-excution of the bond, or payment on the day it was due, are not, per se, fit subjects of investigation in chancery. It may be fraudulent to forge a bond, or to retain or publish as genuine, a spurious obligation. But it would be equally fraudulent to retain or use, as due and unpaid, a bond which had been entirely satisfied, the instant it became due.
If the apparent obligor never, in fact, acknowledged, nor signed, nor delivered the obligation, there could have been no fraud in procuring its execution, because it never was executed. It is only when an obligation has been, in fact, executed, that there can have been fraud in its execution; and it is only such fraud that is cognisable by the chancellor, after judgment on the obligation.
If the chancellor could enjoin the judgment in this case, merely on the plea of non est factum, he might, with equal propriety, enjoin any judgment on a writing in any case in which, before judgment, he would have entertained jurisdiction upon the principle of quia timet.
When a party has an opportunity to make complete defence at law, he must do so, or be remideless, unless tbe ground of defence be (such as fraud) of itself, and alone, equitable matter. Non est factum, is not of itself, and blone, equitable matter. It may be an important fact in a bill, quia timet; but, without ijther facts connected with, or likely to grow out of ojifaf it, even such a bill could not be maintained.
fo'this case, there seems to be no ground for imputing any kind of fraud to the bank or its agent.
As,therefore, the only ground for relief, is the non-execution of the note, and the plaintiff had, or might, t>y reasonable diligence, have had an opportunity of *441 Slaking -ample defence at law and failed to do bo, chancery cannot, according .to-established principles, give.him any relief.
Qzosley and Anderson, for plaintiff; Crittenden, 'for ter: defendants.
n c d Decree affirmed»